UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILLIAM CATALDO et al.,

                Plaintiffs,

                -against-

MORRELL CATERERS MANAGEMENT
COMPANY, LLC, et al.,

                Defendants.
-------------------------------------------------------------X

ORDER
12-CV-1690 (JFB) (ETB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 30 2013 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

This is a collective action brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b), against defendant Scott Morrell ("Morell"), his various business entities, and two other individual defendants.[1] By letter dated November 4, 2013, counsel for defendants notified the Court that two of the corporate defendants had filed for Chapter 11 bankruptcy on November 1, 2013. The bankrupt defendants are catering companies ("Caterers" or "debtors"), and Morrell is their president and sole shareholder.

In the November 4 letter, counsel for defendants notified the Court of the bankruptcy and stated their understanding that the present litigation was subject to an automatic stay under 11 U.S.C. § 362. Plaintiffs, however, objected to any extension of the automatic stay to the defendants who had not filed for bankruptcy ("the non-debtor defendants"). By letter dated November 7, 2013, plaintiffs asked this Court to deny defendants' request for a "discretionary stay." In a response dated November 8, 2013, defendants asked this Court to either stay this case

---

[1] The two other individual defendants have only recently returned executed summonses and are represented by separate counsel. They have taken no part in the correspondence that prompted this Order.

1

"in its entirety," or only until the Bankruptcy Court could decide whether to extend the automatic stay.

On November 14, 2013, this Court held a telephone conference with the parties, during which defendants advised the Court that they intended to litigate the extent of the automatic stay in the Bankruptcy Court. Defendants have since provided this Court with a copy of their motion, in which they ask the Bankruptcy Court to extend the automatic stay to Morrell only. Plaintiffs have since filed a brief in this Court, opposing what they characterize as defendants' request for this Court to grant a "discretionary stay." Specifically, plaintiffs seek to have this Court decide the stay issue, rather than the Bankruptcy Court, and to decline to extend the stay to the non-debtor defendants.

As set forth below, in its discretion, the Court stays these proceedings under its own authority until the Bankruptcy Court can determine the extent of the automatic stay.

The Second Circuit has noted that "'a suit against a codefendant is not automatically stayed by the debtor's bankruptcy filing.'" *Queenie, Ltd. v. Nygard Intern.*, 321 F.3d 282, 287 (2d Cir. 2003) (quoting 3 *Collier on Bankruptcy* § 362.03[3][d] (15th ed.2002)). Claims against the debtor are automatically stayed under 11 U.S.C. § 362, but the power to extend the automatic stay is derived from 11 U.S.C. § 105. *Millard v. Developmental Disabilities Inst., Inc.*, 266 B.R. 42, 44 (E.D.N.Y. 2001). That section allows courts to act *sua sponte* or by request of a party. District courts may also "utilize their discretionary power to stay proceeding[s] in the interest of justice and in control of their dockets." *Teachers Ins. & Annuity Ass'n. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986); *see also Lightbody v. Girlie's Ambulette Serv.*, 09-CV-5493(ILG), 2010 U.S. Dist. LEXIS 88862, *6 (E.D.N.Y. Aug. 27, 2010) ("'[T]he power to stay proceedings is

incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).

However the present dispute is styled, "the decisive issue is consideration of the same policy underlying the Automatic Stay—whether extension of the stay is necessary to foster the reorganization process." *Millard*, 266 B.R. at 45. Here, the reorganization process could be affected if continuing this lawsuit against Morrell "will have an immediate adverse economic consequence for [the Caterers]." *Queenie*, 321 F.3d at 287. An immediate adverse economic consequence may exist where "'there is such identity between the debtor and the [non-debtor] defendant that the debtor may be said to be the real party defendant.'" *Id.* at 288 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)).

In a similar situation involving an individual defendant and his solely owned business, the Second Circuit has applied these principles to uphold the extension of an automatic stay. *See Queenie*, 321 F.3d at 288. Whether a similar extension is appropriate here is best decided by the Bankruptcy Court, which is already familiar with the parties and can best determine, for the purposes of the reorganization process, the extent of the identity between Morrell and the Caterers. *Accord SMF Realty Co. v. Consolini*, 903 F. Supp. 656, 662 (S.D.N.Y. 1995) ("Even where appropriate, however, such 'stays' take the form of injunctions issued by the bankruptcy court after a hearing to determine whether such unusual action is necessary to protect the administration of the bankruptcy estate.") (citing *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993)).

Accordingly, IT IS HEREBY ORDERED that this case is stayed as to all defendants until the Bankruptcy Court rules on defendants' motion to extend the automatic stay.

SO ORDERED.

/s/ Joseph F. Bianco
_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: December 30, 2013
       Central Islip, New York